UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LUIS ANGEL SALAMAN, | : | |
|     Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:20cv32 (MPS) |
| v. | : | |
| | : | |
| SCOTT SEMPLE, ET AL., | : | |
|     Defendants. | : | |

## **ORDER**

The plaintiff, Luis Angel Salaman, initiated this action by filing a complaint under 42 U.S.C. § 1983 against twenty-four employees of the State of Connecticut Department of Correction.  The claims asserted in the complaint arose from an incident that occurred during the plaintiff's release from confinement in January 2017 and from incidents that occurred during the plaintiff's confinement at four different prison facilities as a sentenced inmate over a time period from May 2018 to December 2019.

On November 16, 2020, the court reviewed the complaint pursuant to 28 U.S.C. § 1915A(b) and DISMISSED the requests seeking monetary damages from the defendants in their official capacities, the requests for declaratory and injunctive relief; the First Amendment retaliation claims asserted against Commissioner Semple, Warden Corcella, Deputy Warden Egan, and Captains Kenny and Hurdle; the Fourteenth Amendment procedural due process claims asserted against Warden Corcella, Deputy Warden Egan, and Lieutenant Tolmis; the Fourteenth Amendment due process claim related to the processing of FOIA requests asserted against Correctional Counselor/FOIA Liaison Hakins; the Fourteenth Amendment due process claim related to the processing of grievances asserted against Correctional Counselor/ARC Coordinator Ibisevic; and the claim that Correctional Officers Kennedy and Sciascia failed to immediately place the plaintiff's August 16, 2018 inmate request in the proper mailbox and

DISMISSED without prejudice the Fourteenth Amendment procedural due process claims arising from the issuance of four disciplinary reports to the plaintiff in August 2018, the hearing held on August 30, 2018 to address and dispose of the disciplinary charges, and the decisions to deny the appeals of the disciplinary findings as asserted against Lieutenant/Disciplinary Hearing Officer McNeil, Lieutenant Durkin, Captains Kenny and Hurdle, Correctional Officers Major, Blekis, Sciascia, Hayward, and Snowden, and Correctional Counselors Ibisevic and Sheppard, and District Administrator Maldonado. *See* IRO, ECF No. 10, at 40-41. Pursuant to Rules 20 and 21 of the Federal Rules of Civil Procedure, the court SEVERED and DISMISSED without prejudice the Fourth Amendment claim arising during the plaintiff's release from confinement in January 2017; the First and Fourteenth Amendment claims arising from the plaintiff's confinement at MacDougall-Walker in May and June 2018; the Eighth Amendment claims arising from the plaintiff's confinement at Garner from August to October 2018; the PREA investigation claim arising from the plaintiff's confinement at Garner from August to October 2018; the Fourteenth Amendment claim arising from the plaintiff's confinement at Corrigan-Radgowski from October 2018 to September 2019; and the First Amendment claim arising from the plaintiff's confinement at Carl Robinson from September to December 2019. *Id.* at 40.

      The court permitted the plaintiff leave to file an amended complaint within thirty days to reassert his Fourteenth Amendment procedural due process claim related to the issuance of four disciplinary reports in August 2018 and the disposition of those reports after a hearing in August 2018 and on appeal in September and October 2018 to add specific details of any restrictions placed on his liberty or privileges as compared with typical conditions of prison life in connection with the sanctions imposed at the conclusion of the disciplinary hearings. *Id.* at 41.

The court informed the plaintiff that in order to pursue the Fourteenth Amendment procedural due process claim relating to disciplinary sanctions affecting the conditions of his confinement, he must include a paragraph in the amended complaint in which he waived *for all time* all claims relating to disciplinary sanctions affecting the duration of his confinement (*i.e.*, the forfeiture of a total of 60 days of RREC).  *Id.*  The court warned the plaintiff that if the amended complaint failed to include this waiver, he would not be permitted to proceed as to the Fourteenth Amendment procedural due process claim.  *Id.* at 41-42.

In addressing the claims asserted in the complaint, the court noted that State of Connecticut Department of Correction records reflected that the plaintiff was no longer confined in any facility within the Department of Correction and that the plaintiff had failed to notify the Clerk about his new mailing address as required by Local Rule 83.1(c)(2).  *Id.* at 42; http://www.ctinmateinfo.state.ct.us/searchop.asp (Salaman's CT DOC Inmate Number 262626 – elicits the following response: No Record Meets Your Criteria); D. Conn. L. Civ. R. 83.1(c)(2) (requiring a self-represented litigant to keep the Clerk apprised of an address where Court orders and rulings can be mailed to him or her).  Furthermore, the docket reflected that the court had previously informed the plaintiff of his obligation under Local Rule 83.1(c)(2) to notify the Clerk of any change in his mailing address during the litigation of the case.  *See* Order, ECF No. 9.  The court ordered the plaintiff to file a notice of his current mailing address within twenty-one (21) days and cautioned the plaintiff that if he failed to file a notice of his current mailing address within the time specified, the case would be dismissed.  *See* IRO, ECF No. 10, at 42.

The plaintiff has not filed an amended complaint and has neglected to file a notice of his current mailing address.  Accordingly, the claims asserted in the complaint are **DISMISSED**

pursuant to 28 U.S.C. § 1915A(b)(1) and (2) and Federal Rules of Civil Procedure 20 and 21 for the reasons stated in the Initial Review Order, ECF No. 10, and the case is **DISMISSED** for the plaintiff's failure to comply with a rule and orders of the court.  The Clerk is directed to enter judgment for the defendants and close the case.

      SO ORDERED at Hartford, Connecticut this 4 day of  February, 2021.

                                _____/s/_____
                                Michael P. Shea
                                United States District Judge